AMERICAN BAUXITE COMPANY *v.* TUDOR.

Opinion delivered May 9, 1921.

1. MASTER AND SERVANT—SAFE PLACE TO WORK—INSTRUCTION.—In an action for injuries received in a fall in dodging a rolling boulder. released by a fellow-servant, where the only danger incident to the employment arose out of the manner in which the employees themselves discharged their duty, it was error to submit to the jury the safety of their place of work.

2. MASTER AND SERVANT—QUESTIONS FOR THE JURY.—In an action for injuries from a fall in dodging a rolling boulder released by a fellow-servant, *held* under the evidence that plaintiff's negligence and his fellow-servant's negligence were questions for the jury.

3. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — INSTRUCTION.—An instruction that plaintiff's negligence would not defeat a recovery if the company's negligence was of a greater degree than his own, in which event the jury would diminish the amount of damages, if any, in proportion to the amount of negligence attributable to the plaintiff, if any, *held* proper.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; reversed.

*Mehaffy, Donham & Mehaffy,* for appellant.

No case was made for a jury, and it was error to refuse a peremptory instruction. A servant, even as to dangers created by the acts of the master, assumes the risk of such danger when he is aware of such act of negligence and appreciates the danger. 141 Ark. 438, and many other needless to recite.

The court gave conflicting instructions, which is always error. 138 Ark. 563; 76 *Id.* 224; 83 *Id.* 61; 99 *Id.* 377.

An instruction which ignores a material issue about which the evidence is conflicting is misleading and prejudicial. 93 Ark. 564. See, also, 95 Ark. 108; 94 *Id.* 282; 96 *Id.* 184; 102 *Id.* 627; 134 *Id.* 575.

No case was made for a jury, and a verdict should have been directed for defendant.

*N. A. McDaniel,* for appellee.

1.   The instructions objected to are not set out in appellant's abstract, and this court will not presume error but will presume that correct instructions were given curing any errors complained of.   129 Ark. 95; 132 *Id.* 449; 121 *Id.* 274; 126 *Id.* 562.   Any objections thereto are considered waived.   126 Ark. 562; 104 *Id.* 375.   See, also, 103 Ark. 430; 101 *Id.* 207.

Appellant has failed to set out in his abstract two instructions given by the court.   None of those given were *inherently* defective as defined in the law Century Dictionary *verbo.*   95 Ark. 108.

Rule 9 requires the instructions to be set out—those given as well as those refused—if not, the case will be affirmed.   90 Ark. 230.   See, also, Brickwood's Sackett on Instructions, § 175.

2.   The court properly refused the peremptory instructions asked by appellant, as there was evidence to establish the issue.   105 Ark. 136; 98 *Id.* 370; 120 *Id.* 206; 119 *Id.* 589.

The question of negligence is a mixed question of law and fact and should be submitted to a jury.   35 Ark. 602, 614; 71 *Id.* 445.

3.   The instructions given for appellee are not in conflict with those given for appellant, but, if so, they are not set out in the abstract.   The instructions must be taken as a whole, and if on the whole they are correct it is sufficient.   132 Ark. 78.   See, also, 89 Ark. 24; 95 *Id.* 209; 118 *Id.* 337.

The instructions state the law, and the objections thereto are not well taken.   88 Ark. 204; 70 *Id.* 441.   They were not abstract nor conflicting, nor were they misleading or prejudicial.   96 Ark. 614; 90 *Id.* 278; 88 *Id.* 231; 76 *Id.* 348, 599.

The question of assumed risk *was* submitted to the jury by instruction No. 7 for appellant.   It is not practical or possible to state all the law in one instruction, and it is sufficient if the various phases of the law are

submitted to the jury in separate instructions. 93 Ark. 589.

The evidence was conflicting, and the verdict of the jury settles all questions of fact and is final on appeal, as there is no error in the instructions as to the law.

Under our statute appellant is liable, as no warning of danger was given and appellee did not assume the risk. Appellant is liable for the employee's negligent act. C. & M. Digest, § 7137. A servant does not assume the risk of negligence of a fellow-servant (93 Ark. 88), unless he realizes the danger and then exposes himself to it. 105 Ark. 533; 98 *Id.* 227; 108 *Id.* 578; 97 *Id.* 344.

SMITH, J. Appellee recovered judgment to compensate an injury sustained while engaged in digging and mining ore as an employee of the appellant company.

The instructions given at his request permitted a recovery if the jury found that the company had directed him to work in an unsafe place, or if a finding was made that one of his fellow-servants had negligently rolled a boulder in front of him, thereby causing the injury.

On behalf of the company, it is insisted that no case was made for the jury; but the court refused to grant its prayer for a peremptory instruction. The court did, however, give at the company's request an instruction, numbered 2, which told the jury to find in its favor unless they found that appellee was injured "by reason of having dodged a boulder that was thrown or pushed in his way," and it is insisted that error was committed in submitting any other question of negligence.

We think the testimony made a case for the jury; but the case was made upon a showing of negligence on the part of a fellow-servant, and no other question should have been submitted, and it was error to have submitted the question of the master's breach of duty to furnish the servant a reasonably safe place in which to work.

According to appellee, he was injured in the following manner: he was carrying boulders and was piling them on the railroad track, where cars came and hauled

them away, and, while thus employed, an Italian, who was similarly engaged, released a boulder which he was carrying, and, impelled by the force of gravity, the boulder rolled down the side of the mine toward appellee, who, attempting to escape the rolling boulder, became overbalanced and was thrown on his head. Appellee was perfectly familiar with his surroundings. This was a bauxite mine, and it was appellee's duty, as well as that of the Italian, to excavate the boulders and carry them away so that the earth might thereafter be removed. The only danger incident to the employment arose out of the manner in which the employees themselves discharged their duty, and it was error to submit the question of the safety of their place of work to the jury. The mine where the injury occurred was only ten feet deep, and the incline, down which the rock rolled, furnished the means of ingress into and egress from the mine.

Other objections were made to the instructions given, but we think they will pass out of the case upon a trial anew when the case is submitted on the question alone of the fellow-servant's negligence.

The proof on the part of the company tended to show that appellee was not injured in the mine, and that, if he did fall, the fall was not occasioned by any negligence of a fellow-servant, but by his own negligence. However, we have said that question is for the jury.

It is insisted that an erroneous instruction was given on the measure of damages, in that the jury was not required to take into account the contributory negligence of appellee. Such, however, is not the case when instructions numbered 4 and 5 are read together, as we think they should be. In instruction numbered 4 the jury was told that appellee's negligence would not defeat a recovery if the company's negligence was of a greater degree than his own, in which event they would "diminish the amount of damages, if any, in proportion to the amount of negligence attributable to the plaintiff, if any." Instruction numbered 5 dealt with the elements of damage and told the jury the matters they would take

into account in computing the damage, and this sum was, of course, to be reduced as stated in instruction numbered 4.

For the error indicated in submitting the question of negligence in regard to the safety of the place in which appellee was employed the judgment will be reversed and the cause remanded for a new trial.